CHESAPEAKE BAY FOUNDATION, INC.; Natural Resources Defense, Plaintiffs–Appellees,

v.

GWALTNEY OF SMITHFIELD, LTD., Defendant–Appellant,

United States of America, Amicus Curiae,

Atlantic States Legal Foundation, Connecticut Fund for the Environment, Friends of the Earth, Sierra Club, and Student Public Interest Research Group of New Jersey, Amici Curiae.

No. 85–1873.

United States Court of Appeals, Fourth Circuit.

April 13, 1988.

Patrick M. Raher (David J. Hayes, Catherine J. LaCroix, Hogan & Hartson, Washington, D.C., Anthony F. Troy, George A. Somerville, Mays, Valentine, Davenport & Moore, Richmond, Va., on brief), for defendant-appellant.

James Thornton, Natural Resources Defense Council, Inc., New York City, and Jeter M. Watson, Chesapeake Bay Foundation, Inc., Ashland, Va., for plaintiffs-appellees.

Joseph E. Lees, Dept. of Justice (F. Henry Habicht II, Asst. Atty. Gen., Nancy B. Firestone and David C. Shilton, Dept. of Justice, Glenn Unterberger, Elizabeth Ojala, Office of Enforcement and Compliance Monitoring, E.P.A., Bruce J. Terris, Nathalie V. Black, Washington, D.C., on brief), for amicus curiae.

Before WINTER, Chief Judge, and RUSSELL and SPROUSE, Circuit Judges.

PER CURIAM:

We again consider this case on remand from the Supreme Court's decision in

*Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* —— U.S. ——, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). In *Gwaltney,* the Supreme Court held that § 505(a) of the Clean Water Act, 33 U.S.C. § 1365(a), does not confer federal jurisdiction over citizen suits for wholly past violations, but does permit such suits when there is a pattern of intermittent violations, even if there is no violation at the moment suit is filed. Upon due consideration of the supplemental memoranda filed by the parties, we remand to the district court for further findings on whether citizen-plaintiffs have proved an ongoing violation within the meaning of the Supreme Court's decision. We do not think that the decisional process would be aided by further oral argument.

## I.

The Supreme Court's decision in *Gwaltney* resolved a conflict in the Circuit Courts of Appeals, *see* 108 S.Ct. at 380–81, by vacating our judgment in *Chesapeake Bay Foundation, Inc. v. Gwaltney of Smithfield, Ltd.,* 791 F.2d 304, 308 n. 9 (4 Cir. 1986) (holding that § 505 applies to a citizen-plaintiff claim of wholly past violations). The Supreme Court held that citizen-plaintiff suits under § 505 could not be based on wholly past violations, but carefully distinguished an allegation of a wholly past violation from allegations of intermittent or sporadic violations. The Court noted legislative history in support of the proposition that

> an intermittent polluter—one who violates permit limitations one month of every three—is just as much "in violation" of the Act as a continuous violator.

108 S.Ct. at 384.

The Supreme Court remanded in light of its holding that "§ 505 confers jurisdiction over citizen suits when citizen-plaintiffs make a good faith allegation of continuous or intermittent violation...." 108 S.Ct. at 385. As the Supreme Court observed (*id.*), we perceived "a very sound argument" that plaintiff's allegations of continuing violations were made in good faith, but expressly declined to rule on the district court's finding of a sufficient good faith allegation. 791 F.2d at 308 n. 9. We must now review the district court's finding that citizen-plaintiffs made a good faith allegation of ongoing violation sufficient to maintain jurisdiction.

We also think that we are confronted with an additional issue on remand. Consistent with the language of the majority opinion, we must also review the district court's decision for a determination of whether citizen-plaintiffs have proved their allegation of continuous or intermittent violations, as required in order to prevail. *See* 108 S.Ct. at 386.[1]

## II.

The district court did find a good faith allegation of ongoing violation sufficient to avoid threshhold jurisdictional challenges. We now hold that the district court's finding that the allegations were made in good faith, *see* 611 F.Supp. 1542, 1549 n. 8, is not clearly erroneous.

## III.

We remand to the district court for further findings as to whether, on the merits, plaintiffs proved at trial an ongoing violation. Citizen-plaintiffs may accomplish this either (1) by proving violations that continue on or after the date the complaint is filed, or (2) by adducing evidence from which a reasonable trier of fact could find

---

1. The Supreme Court Justices who concurred in parts of the majority opinion and the judgment suggest that because the majority views subject matter jurisdiction to be met by good-faith allegations, the majority implies that a "plaintiff can never be called on to prove that jurisdictional allegation." 108 S.Ct. at 386–87. We think that the majority does expressly require that a citizen-plaintiff prove the existence of an ongoing violation (continuous or intermittent) in order to prevail. 108 S.Ct. at 386. The majority and the Justices concurring separately differ as to when this proof would be required, with the concurrence requiring proof of an ongoing violation as a threshold jurisdictional matter.

a continuing likelihood of a recurrence in intermittent or sporadic violations. Intermittent or sporadic violations do not cease to be ongoing until the date when there is no real likelihood of repetition. While the district court did make subsidiary findings pertinent to this issue, *see, e.g.*, 611 F.Supp. at 1549 n. 8, 1566 (Appendix A), it did not make a direct finding as to whether citizen-plaintiffs proved the existence of intermittent or sporadic violations constituting an ongoing violation.

Consistent with the guidance of the Supreme Court majority and concurring opinions, the district court may wish to consider whether remedial actions were taken to cure violations, the *ex ante* probability that such remedial measures would be effective, and any other evidence presented during the proceedings that bears on whether the risk of defendant's continued violation had been completely eradicated when citizen-plaintiffs filed suit.

*REMANDED.*